UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF PLIMSOLL MARINE, INC., AS OWNER AND OPERATOR OF THE M/V MARGARET, OFFICIAL NO. 582612 PRAYING FOR EXONERATON FROM OR LIMITATION FROM EXONERATION | CIVIL ACTION<br><br>NO.<br><br>JUDGE _____<br><br>MAGISTRATE JUDGE _____ |

**<u>COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY</u>**

The Complaint of Plimsoll Marine, Inc. (hereinafter "Plimsoll"), in a cause of exoneration from or limitation of liability, civil and maritime, within the meaning of Rule 9(h) and Supplemental Rule F of the Federal Rules of Civil Procedure, with respect, represents:

I.

At all times pertinent hereto, Plimsoll was and now is a corporation duly organized and existing under and by virtue of the laws of the State of Louisiana, and is and was at all times material hereto the owner *pro hac vice* and operator of the M/V MARGARET, Official No. 582612.

II.

At all times pertinent hereto, the M/V MARGARET was a vessel of the United States, and at all material times was tight, staunch, strong, fully and properly manned,

1

equipped and supplied, and was in all respects seaworthy and fit for the service in which it was engaged.

III.

On or about May 5, 2023, the M/V MARGARET was navigating at or near Mile 175 on the lower Mississippi River, at or near Darrow, Louisiana, and in the geographical territory encompassed within this judicial district, when it allided with the moored Barge SCF 27012.

IV.

The allision as afore-described is alleged to have resulted in physical damage to the said barge and injuries to certain of the crewmembers of the M/V MARGARET. Plimsoll reserves the right to supplement and amend this Article as additional facts are adduced.

V.

Plimsoll specifically denies any and all liability for any claims of damages, injuries, and/or losses occasioned by or resulting from the matters and happenings recited above and avers that it has valid defenses to any such claims. Plimsoll desires to contest its liability for any such claims, and further avers that it is entitled to a decree exonerating it from liability.

VI.

Plimsoll further avers that the aforesaid incident, and any resulting damages, injuries, and/or losses were done, occasioned and incurred without fault on the part of

Plimsoll and without its privity or knowledge. Should this Honorable Court, however, adjudge that Plimsoll is liable to any extent in the premises, then Plimsoll claims the benefits and protections of the Limitation of Liability Act, set forth in 46 U.S.C. §30511, and all statutes amendatory thereof and supplementary thereto.

VII.

No officers or managing directors of Plimsoll were on board or in the vicinity of the M/V MARGARET at the time of the aforesaid occurrence.

VIII.

At the beginning of the subject voyage of the M/V MARGARET, Plimsoll exercised due diligence to make the vessel in all respects seaworthy and well and sufficiently equipped and supplied.

IX.

The following parties, on information and belief, may assert claims against Plimsoll, as a result of the foregoing incident:

1. Ziontre Charles

2. Ryan Gabriel

3. Cedric Chenier

4. Kevin Eugene

5. Byron Landry

6. SCF Marine

In addition to the foregoing claims, Plimsoll anticipates that additional claims may be asserted against it and the M/V MARGARET by other persons or parties for damages, injuries, or other losses as a result of the casualty described above; and Plimsoll avers that the amount of the damages and/or claims hereinabove described and all other possible claims against it and the M/V MARGARET may exceed the amount or value of Plimsoll's interests in the M/V MARGARET and its pending freight (if any).

X.

In accordance with the annexed affidavit of an independent, qualified marine surveyor, Plimsoll shows that the M/V MARGARET had a value of $500,000.00 DOLLARS immediately following the aforementioned occurrence.

XI.

Plimsoll further avers that there was no pending freight relative to the M/V MARGARET within the meaning of the Limitation of Liability Act and/or related statutes, as afore-mentioned.

XII.

Plimsoll offers and files contemporaneously herewith an *Ad Interim* Stipulation with approved corporate surety for the payment into this Honorable Court of the aggregate amount of its interests in the M/V MARGARET at the termination of her voyage as

aforesaid, with interest at the rate of six (6%) percent per annum from the date of the Stipulation, and for all costs; and in addition thereto, Plimsoll is prepared to give bond or stipulation for any amount in excess of the *Ad Interim* Stipulation as may be ascertained and determined to be necessary under any order(s) of this Honorable Court.

XIII.

Plimsoll avers that there are no unsatisfied liens or claims of liens, in contract or in tort, arising on the voyage referred to above, so far as known to Plimsoll, except as herein set forth.

XIV.

Plimsoll, as owner *pro hac vice* and operator of the M/V MARGARET, respectively, claims exoneration and exemption from liability for any and all claims for damages or losses occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the aforesaid occurrence. Plimsoll further avers that it has valid defenses separately and/or collectively on the merits to any and all such claims.

XV.

Plimsoll specifically claims the benefits of the Limitation of Liability Act, as set forth in 46 U.S.C. §30511, and all statutes amendatory thereof and supplementary thereto.

XVI.

Plimsoll further specifically avers that this Complaint, and the claim for exoneration from or limitation of liability asserted herein, is filed not only on their behalf, but also on behalf of their primary and excess liability underwriters and protection and indemnity

underwriters, who shall be entitled to exoneration from or limitation of liability to the same extent as Plimsoll, and whose liability in the premises, if any, shall accordingly not exceed Plimsoll's liability, if any.

XVII.

All and singular, the premises of this Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

XVIII.

Plimsoll would further suggest to this Honorable Court that this Complaint for Exoneration from or Limitation of Liability was timely filed within the six-month prescribed period of time.

WHEREFORE, Plimsoll prays:

A. That this Honorable Court enter an Order approving the deposit for costs made by Plimsoll contemporaneously with the filing of this Complaint;

B. That this Honorable Court enter an Order approving as to quantum, form and surety the *Ad Interim* Stipulation filed by Plimsoll herein, on which Plimsoll is principal and Travelers Casualty and Surety Company of America is surety, in the amount of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($500,000.00), with six (6%) percent per annum interest from the date of such Stipulation, pending any appraisement as may be ordered by the Court of the amount of Plimsoll's interests in said vessel and its pending freight;

C. That, upon the filing of the foregoing *Ad Interim* Stipulation, this Court issue an injunction enjoining and restraining the commencement or prosecution of any and all actions, suits or legal proceedings of any kind against Plimsoll and their insurers and underwriters, or against the M/V MARGARET or any other property owned by Plimsoll, other than in these proceedings;

D. That the Court cause a Notice to be issued to all persons, firms and corporations having or alleging to have claims by reasons of the matters and happenings recited in the above and foregoing Complaint, admonishing them to appear and file their claims with the Clerk of this Honorable Court, on or before a date to be fixed by the Court and as specified in the Notice, or be forever barred and permanently enjoined from making and filing any such claims, and also to answer, all and singular, the premises of this Complaint;

E. That the Court adjudge that Plimsoll, its insurers and underwriters, and/or the M/V MARGARET are not liable for any damages, demands or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters and happenings recited in the above and foregoing Complaint;

F. That, in the alternative, if this Court should adjudge that Plimsoll or its insurers or underwriters are liable to any extent in the premises, the Court then adjudge that the liability of Plimsoll and its insurers or underwriters shall be limited to the amount of their interests in the M/V MARGARET and its

pending freight, if any, immediately following the incident aforesaid; and in that event, the amount representing the value of Plimsoll's interest in the M/V MARGARET shall be divided *pro rata* among the claimants having made due proof of their respective claims; and that a decree be entered discharging Plimsoll and their insurers or underwriters of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against Plimsoll, its insurers or underwriters, in consequence of or arising out of or connected with the matters and happenings recited in the above and foregoing Complaint; and

G. That Plimsoll may have such other and further relief in the premises as may be just and proper.

Respectfully submitted,

*s/Daniel J. Hoerner*
ANDRÉ J. MOULEDOUX (Bar #9778)
DANIEL J. HOERNER (Bar #21706)
MOULEDOUX, BLAND, LEGRAND &
BRACKETT, L.L.C.
701 Poydras Street, Suite 600
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile:   (504) 522-2121
Attorneys for Complainant in Limitation, Plimsoll Marine, Inc.
ComplaintExon&Limitation.docx

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2023 the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

*s/Daniel J. Hoerner*