UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF PLIMSOLL MARINE, INC., AS OWNER AND OPERATOR OF THE M/V MARGARET, OFFICIAL NO. 582612, PRAYING FOR EXONERATION FROM OR LIMITATION FROM EXONERATION | CIVIL ACTION NO. 3:23-cv-00414<br><br>CHIEF JUDGE SHELLY D. DICK<br><br>MAGISTRATE JUDGE SCOTT D. JOHNSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER TO LIMITATION COMPLAINT AND CLAIM OF KEVIN EUGENE

NOW INTO COURT comes **KEVIN EUGENE**, a person of the full age of majority, who for his Answer, Affirmative Defenses, and Claim in response to the Complaint for Exoneration from or Limitation of Liability filed by Petitioners, **PLIMSOLL MARINE, INC.** (hereinafter referred to as "Plimsoll") as Owner and Operator of the M/V MARGARET, would represent the following:

### ANSWER

### First Defense

The Limitation Complaint fails to state a claim, right, or cause of action upon which relief may be granted.

### Second Defense

The Limitation Plaintiff lacks standing to see application of the Limitation Act, 46 U.S.C. § 30501, *et seq.*, to the claims made against it.

### Third Defense

AND NOW, specifically reserving all defenses asserted herein, including without limitation, Claimant's, KEVIN EUGENE's, right to pursue his claims in state court pursuant to

the Savings to Suitors Clause, 28 U.S.C. §1333, and all state law remedies, Claimant files his Answer in this proceeding, and avers as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2.

Claimant admits that the M/V MARGARET was a vessel of the United States, but denies the remainder of the allegations contained in Paragraph 2.

3.

Claimant admits that the M/V MARGARET was involved in an allision/collision, but denies the remainder of the allegations in Paragraph 3 for lack of sufficient information to justify a belief therein.

4.

Claimant admits that he was a crewmember of M/V MARGARET at the time of the allision/collision and that he suffered injuries. Claimant also admits that there were other crewmembers aboard M/V MARGARET who also suffered injuries. The remaining allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

Claimant denies the allegations and statements of Paragraph 5, and denies that PLIMSOLL is entitled to the relief it seeks.

6.

Claimant denies the allegations and statements of Paragraph 6.

7.

The allegations contained in Paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

Claimant denies the allegations and statements of Paragraph 8.

9.

Claimant admits that he is asserting a claim against PLIMSOLL for injuries due to the incident. Claimant further admits that other crew members of the M/V MARGARET may also make claims against PLIMSOLL for injuries they may have suffered. Claimant denies the remainder of the allegations contained in Paragraph 9 for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 do not require a response from Claimant. To the extent that a response is required, Claimant denies that the affidavit sets forth the accurate value of the M/V MARGARET at the relevant time, as the value should be greater.

11.

The allegations contained in Paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 do not require a response from Claimant. To the extent a response is required, however, those allegations are denied.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 do not require a response from Claimant. To the extent a response is required, however, those allegations are denied.

15.

Claimant denies the allegations of Paragraph 15, specifically denying that PLIMSOLL is entitled to the relief it seeks.

16.

The allegations of Paragraph 16 do not require a response from Claimant. To the extent a response is required, however, those allegations are denied.

17.

Claimant admits only that this matter is subject to the admiralty jurisdiction of this Court. Claimant denies all remaining allegations and statements contained in Paragraph 17.

18.

The allegations of Paragraph 18 do not require a response from Claimant. To the extent a response is required, however, those allegations are denied.

19.

Any allegations contained in the Complaint, including those contained in the prayer for relief and/or any unnumbered paragraphs, not specifically admitted herein are denied.

## Fourth Defense

The Limitation Plaintiff is not entitled to exoneration from or limitation of liability under the Limitation Act, 46 U.S.C. § 30501, *et seq*., and the various statutes supplementing/amending that Act and/or the provisions of Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. The fault, negligence and/or unseaworthiness of the M/V MARGARET and all negligent acts leading up to the occurrence of the casualty were within the privity and knowledge of the officers and managers of the Petitioner, *i.e.*, the owners, operators, charterers, and managers of the vessel. As such, the Complaint should be dismissed with prejudice.

## Fifth Defense

The Petitioner's Ad Interim Stipulation for Value and security are inadequate, insufficient and understate and undervalue the Petitioner's interest in the M/V MARGARET and its pending freight.

## Sixth Defense

The Limitation of Liability Act, 46 U.S.C. § 30501 *et. seq*. is unconstitutional in that it deprives the Respondent/Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

## Seventh Defense

The Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq*. is unconstitutional in that it deprives the Respondent/Claimant of the right to a trial by jury, guaranteed by the Seventh Amendment to the Constitution of the United States and other applicable laws.

## Eighth Defense

The limitation fund is inadequate, and the Complaint should be dismissed because Petitioner has failed to deposit adequate security for the vessel identified in the Complaint for Exoneration from or Limitation of Liability. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. Petitioner's deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

## Ninth Defense

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the vessel was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimant/Respondent's injuries took place with the privity and knowledge of the owners, managing owners, owners pro hac vice, and/or operators of the vessels involved.

## Tenth Defense

To the extent Petitioner's insurers attempt to avail themselves of the limitation/exoneration defense, Respondent/Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing any insurer(s) is entitled to avail themselves of the Limitation of Liability Act.

## Eleventh Defense

The Complaint for Exoneration from or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Respondent/Claimant seeks more definitive statements of the allegations, regardless of the nature, manner, and extent of his Answer and Claim herein.

## Twelfth Defense

The events culminating in the injuries of Claimant were the result of the negligence, fault, or want of due care on the part of Petitioner and/or those for whom Petitioner is responsible under common operational control, supervision, and enterprise, all of which was within the privity and knowledge of Petitioner, for which the Complaint for Exoneration from of Limitation of Liability should be denied.

## Thirteenth Defense

Claimant further alleges that there was insurance coverage on the vessel insuring Petitioner in the event of an occurrence such as that which is the subject of Respondent/Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

## Fourteenth Defense

Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioner, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

## Fifteenth Defense

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies. The filing of this Answer and Claim is in no way a waiver of this right and defense, and Claimant is not agreeing to join all issues in this proceeding by filing this Answer and Claim.

## Sixteenth Defense

Claimant specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Answer and Claim is a waiver of this defense or these rights. Respondent/Claimant will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Claimant's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant hereby asserts and claims his right to have his claims and damages tried to a jury in the court of his choosing.

## Seventeenth Defense

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to the claimant(s). *See* 46 U.S.C. § 30501, *et seq*.; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2nd Ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

## Eighteenth Defense

Claimant reserves the right to contest the appraisal value of the vessel, the M/V MARGARET, its engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**Nineteenth Defense**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

**Twentieth Defense**

The protection and indemnity insurer of the Petitioners is not accorded the right by statute to invoke limitation of liability.

**Twenty-First Defense**

Claimant reserves the right to move for bifurcation of this action so the only issues of fact decided by this Court are whether the Petitioner was negligent, whether the vessel was unseaworthy, and whether such negligence/unseaworthiness were within the privity and/or knowledge of the Complainants. All other fact issues shall be decided in a court and/or forum of Claimant's choosing as is the Claimant's rights under the Saving to Suitors clause and the Jones Act.

**CLAIM OF KEVIN EUGENE**

**I.**

Claimant, **KEVIN EUGENE**, asserts his claims against **PLIMSOLL MARINE, INC.**, a Louisiana corporation which may be served through its counsel of record in this limitation proceeding.

**II.**

On or about May 5, 2023, **KEVIN EUGENE** was employed by **PLIMSOLL MARINE, INC.** as a Jones Act Seaman aboard the M/V MARGARET.

**III.**

At all pertinent times hereto **PLIMSOLL MARINE, INC.** owned, operated and/or controlled the M/V MARGARET, which was at all pertinent times a vessel in navigation.

**IV.**

On or about May 5, 2023, Plaintiff **KEVIN EUGENE** was injured when the M/V MARGARET allided or collided violently with a barge while underway and navigating on the Mississippi River, causing serious injuries to his neck, back, and other parts of his body while employed by **PLIMSOLL MARINE, INC.**

**V.**

On information and belief, Claimant alleges that the sole and proximate cause of the above-described accident was the negligence of **PLIMSOLL MARINE, INC.** in the following, non-exclusive respects:

1. Breach of a legally imposed duty of reasonable care owed to Claimant;

2. Failure to provide a reasonably safe place to work by, among other things, placing Claimant in the line of fire in the loading task being performed at the time of his injury;

3. Failure to properly train and supervise Claimant;

4. Failure to take any means or precautions for the safety of Plaintiff's employees, including Claimant;

5. Creation and maintenance of an unseaworthy vessel;

6. Failing to remedy unsafe acts and conditions present on the M/V MARGARET;

7. Failing to properly operate and navigate the M/V MARGARET;

8. Failure to provide minimum safety requirements;

9. Failure to provide adequate equipment for to safely operate and navigate the M/V MARGARET or for crew members to safety perform duties/tasks;

10. Failure to provide adequate personnel for the job in question;

11. Failing to do what should have been done to avoid the allision/collision described herein

12. Entrusting the M/V MARGARET to an incompetent master and/or crew;

13. Failing to properly supervise, hire, and/or train M/V MARGARET's master and/or crew;

14. Giving unsafe orders and/or providing inadequate supervision by the master and/or supervisory personnel in charge of M/V MARGARET;

15. Other acts of negligence which will be shown at the trial of this matter.

## VI.

The allision or collision and Claimant's injuries and damages were caused by the failure of **PLIMSOLL MARINE, INC.** to ensure that M/V MARGARET was reasonably fit for its intended use (i.e., seaworthy) in the following non-exclusive ways, thereby rendering Limitation Plaintiff strictly liable to Claimant:

1 Failing to provide a vessel and crew which were reasonably fit and safe for their intended use;

2 Failing to properly remedy one or more unseaworthy conditions of or about M/V MARGARET;

3 Designing, creating, and/or permitting the existence of one or more unseaworthy conditions of or about M/V MARGARET;

4 Entrusting M/V MARGARET to an incompetent or ill-trained master and/or crew;

5 Failing to have proper adequate equipment to operate and navigate M/V MARGARET or to safely perform the assigned/required tasks; and

6 Any and all other conditions or characteristics of M/V MARGARET which rendered it not reasonably safe or fit for its intended use that are established through discovery and/or shown at the trial of this matter.

## VII.

As a direct result of the negligence of **PLIMSOLL MARINE, INC.** and the unseaworthiness of the vessel, Claimant, **KEVIN EUGENE** is entitled to recover from Limitation

Plaintiff reasonable and just compensatory, special and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

1. Past, present and future physical, mental and emotional pain and suffering;

2. Past, present and future loss of wages, fringe benefits and wage earning capacity;

3. Past and future physical disability;

4. Past, present and future medical expenses; and

5. All other special and general damages as will be shown at the trial of this matter.

## VIII.

Pursuant to the General Maritime Law of the United States of America, **PLIMSOLL MARINE, INC.** had and continues to have the absolute and nondelegable duty to provide Claimant with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

## IX.

As a result of the aforementioned accident, Claimant was rendered unfit for duty and presently remains unfit and incapable of returning to duty as a seaman.

## X.

Therefore, Claimant prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which Claimant is entitled. Should Limitation Plaintiff, **PLIMSOLL MARINE, INC.,** fail to honor its maintenance and cure obligation, Claimant is entitled to attorney's fees, punitive damages, and an additional compensatory award for any acts of negligence on the part of Limitation Plaintiff which would result in a deterioration of Claimant's medical condition.

## XI.

In conjunction with these proceedings, Claimant is entitled to recover prejudgment interest on all past damages awarded from the date of the allision or collision until paid, post-judgment interest on all damages awarded from the date of the judgment until paid, and court and litigation costs associated with this matter to the extent allowed by law.

**WHEREFORE,** Claimant prays that Limitation Plaintiff, **PLIMSOLL MARINE, INC.,** be duly cited to appear and answer this Complaint and after the legal delays and due proceedings had, there be Judgment herein in favor of Claimant, **KEVIN EUGENE,** and against Limitation Plaintiff, **PLIMSOLL MARINE, INC.,** for all damages to which Claimant is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and equitable relief.

FURTHERMORE, Claimant prays that Limitation Plaintiff, **PLIMSOLL MARINE, INC.,** be cast in judgment in favor of Claimant for past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which Claimant is entitled by law and penalties and additional damages if applicable.

Respectfully Submitted,

*S/Megan C. Misko*
TIMOTHY J. YOUNG (22677)
TAMMY D. HARRIS (29896)
MEGAN C. MISKO (29803)
JOSEPH B. MARINO, III (29966)
**THE YOUNG FIRM**
400 Poydras Street, Suite 2090
New Orleans, LA 70130
Telephone: (504) 680-4100
Facsimile: (504) 680-4101
TJY@theyoungfirm.com
TDH@theyoungfirm.com
MCM@theyoungfirm.com
JBM@theyoungfirm.com