UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF PLIMSOLL MARINE, INC., AS OWNER AND OPERATOR OF THE M/V MARGARET, OFFICIAL NO. 582612, PRAYING FOR EXONERATION FROM OR LIMITATION FROM EXONERATION | CIVIL ACTION NO. 3:23-cv-00414<br><br>CHIEF JUDGE SHELLY D. DICK<br><br>MAGISTRATE JUDGE SCOTT D. JOHNSON |

**ANSWER TO VERIFIED COMPLAINT
AND
DAMAGES CLAIMS OF BYRON LANDRY**

NOW INTO COURT, through undersigned counsel, comes Claimant for Damages, Byron Landry, a person of the full age of majority and Jones Act seaman, who files this pleading to respond to the allegations set forth in the Complaint (Rec. Doc. 1) of Plimsoll Marine, Inc. (hereinafter "Plimsoll"), to assert his affirmative defenses, and to assert his claims for damages arising out of the May 5, 2023 allision or collision at issue.

**I.   ANSWER**

Subject to the Affirmative Defenses asserted herein, Byron Landry responds to the specific allegations of Plimsoll's Complaint as follows:

1.

The allegations of paragraph I of the Complaint are denied for lack of sufficient information to justify a belief therein.


2.

The allegations of paragraph II of the Complaint are denied, except that Byron Landry admits that M/V MARGARET was a vessel on navigable waters of the United States at the time of the allision or collision at issue.

3.

Byron Landry admits that M/V MARGARET allided or collided with another vessel on or about May 5, 2023, on the Mississippi River. The remaining allegations of paragraph III are denied for lack of sufficient information to justify a belief therein.

4.

Byron Landry admits that he was a crewmember of M/V MARGARET at the time of the allision or collision and that he suffered injuries. Byron Landry also admits that there were other crewmembers aboard M/V MARGARET who also suffered injuries. The remaining allegations of paragraph IV are denied for lack of sufficient information to justify a belief therein.

5.

The factual and legal allegations of paragraph V of the Complaint are denied and Byron Landry specifically denies that Plimsoll is entitled to the relief it seeks.

6.

The factual and legal allegations of paragraph VI of the Complaint are denied and Byron Landry specifically denies that Plimsoll is entitled to the protections of the Limitation of Liability Act.

7.

The allegations of paragraph VII of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of paragraph VIII of the Complaint are denied.

9.

Byron Landry admits that he is asserting a claim. Byron Landry also admits he expects other claims to be made. The remaining allegations of paragraph IX are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of paragraph X of the Complaint do not appear to require a response from Byron Landry. To the extent a response is deemed necessary, Byron Landry denies that the referenced affidavit accurately reflects the value of M/V MARGARET at the relevant time; the value should be greater.

11.

The allegations of paragraph XI of the Complaint are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of paragraph XII of the Complaint do not appear to require a response from Byron Landry. To the extent a response is deemed necessary, Byron Landry denies that the bond is sufficient since Plimsoll's claimed value of M/V MARGARET is too low.

13.

The allegations of paragraph XIII of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of paragraph XIV of the Complaint do not appear to require a response from Byron Landry. To the extent a response is deemed necessary, Byron Landry denies that Plimsoll is entitled to the requested relief, denies any factual allegations for lack of sufficient information to justify a belief therein, and denies that Plimsoll has valid defenses.

15.

The allegations of paragraph XV of the Complaint do not appear to require a response from Byron Landry. To the extent a response is deemed necessary, Byron Landry denies any factual allegations for lack of sufficient information to justify a belief therein and Byron Landry specifically denies that Plimsoll is entitled to the benefits of the Limitation of Liability Act.

16.

The allegations of paragraph XVI of the Complaint do not appear to require a response from Byron Landry. To the extent a response is deemed necessary, Byron Landry denies that Plimsoll's insurers are entitled to the requested relief and Byron Landry denies any factual allegations for lack of sufficient information to justify a belief therein.

17.

The allegations of paragraph XVII of the Complaint are denied, except Byron Landry admits that this matter is subject to the Court's admiralty and maritime jurisdiction.

18.

The allegations of paragraph XVIII of the Complaint are denied.

19.

To the extent a response to Complaint's prayer for relief is deemed necessary, any factual allegations set forth in the prayer are denied.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The negligence or other fault (active or passive) of Plimsoll and the unseaworthiness of M/V MARGARET were the sole cause of the incident at issue, was within the privity or knowledge (actual or constructive) of Plimsoll, its owners, its management, and/or those for which it or they are deemed responsible prior to the commencement of the vessel's voyage and during the time of the vessel's voyage.

### Third Affirmative Defense

Any and all damages suffered by Byron Landry were caused solely by the negligence or other fault (active or passive) of Plimsoll and the unseaworthiness of M/V MARGARET.

### Fourth Affirmative Defense

Plimsoll is not entitled to exoneration from liability or to the limitation of liability under 46 U.S.C. §§ 30501, *et seq*.

### Fifth Affirmative Defense

Even if Plimsoll is entitled to limit its liability as pled, which is and has been affirmatively denied, the limitation fund created by Plimsoll is grossly insufficient under applicable law and methodology. It is improperly based upon a grossly incorrect value of M/V

MARGARET, its appurtenances, and its then pending freight.

### Sixth Affirmative Defense

The provisions of 46 U.S.C. §§ 30501, *et seq*., are unconstitutional and invalid under the Constitution of the United States of America, deprives the Byron Landry of property rights without due process of law in violation of the Fifth and Fourteenth Amendments, and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments and, thus, cannot be used by Plimsoll to exonerate itself or its insurers from liability or to limit their liability to Byron Landry.

### Seventh Affirmative Defense

The allision or collision and Byron Landry's injuries and damages were substantially caused by reckless and grossly negligent acts of Plimsoll.

### Eighth Affirmative Defense

The insurers of Plimsoll and M/V MARGARET are not entitled to limit their liability under applicable law and the terms of their applicable policies do not allow such limitation.

### Ninth Affirmative Defense

There was insurance coverage on the vessel insuring Plimsoll in the event of the occurrence giving rise to Byron Landry's claims, and the proceeds of said insurance should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

### Tenth Affirmative Defense

The proceeds of any judgment, award, or settlement which may be received by Plimsoll from any third party in recompense of any losses or damages sustained herein to the property or

interests of Plimsoll, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

### Eleventh Affirmative Defense

Plimsoll is not entitled to exoneration from liability or to the limitation of liability, because Plimsoll's reckless, grossly negligent, and/or intentional conduct caused Byron Landry's injuries, and, although not required, that conduct was within the privity or knowledge (actual or constructive) of Plimsoll, its owners, its management, and/or those for which it is deemed responsible prior to the commencement of the vessel's voyage and during the time of the vessel's voyage.

### Twelfth Affirmative Defense

Byron Landry's injuries and damages were not caused by any negligence, fault, action, or inaction of Byron Landry, and his recoverable damages may not be reduced in any way.

### Thirteenth Affirmative Defense

Plimsoll's Complaint should be dismissed because Plimsoll failed to deposit adequate security for the vessel.

### Fourteenth Affirmative Defense

Any and all damages suffered by Byron Landry were caused solely by the negligence or other fault (active or passive) of Plimsoll.

### Fifteenth Affirmative Defense

Byron Landry specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all remedies, and no part of this Answer and Claim is a waiver of this defense or these rights. Byron Landry

is entitled to lift the injunction and stay of proceedings in other forums. Further, upon the failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Byron Landry hereby asserts and claims his right to have his claims and damages tried to a jury in the court of his choosing.

### Sixteenth Affirmative Defense

While this Court sitting in admiralty is the proper trier of fact for determining the merits of Plimsoll's invalid claims for exoneration and limitation, Byron Landry is entitled to have his claims for damages and any other matter outside the scope of Plimsoll's claims for exoneration and limitation determined by a jury if he so chooses.

### Seventeenth Affirmative Defense

Byron Landry reserves the right to move for bifurcation of this action so the only issues of fact decided by this Court are whether the Petitioner was negligent, whether the vessel was unseaworthy, and whether such negligence/unseaworthiness were within the privity and/or knowledge of the Complainants. All other fact issues shall be decided in a court and/or forum of Byron Landry's choosing as is his right under the Saving to Suitors clause and the Jones Act.

### Eighteenth Affirmative Defense

The Limitation Plaintiff lacks standing to see application of the Limitation Act, 46 U.S.C. § 30501, *et seq.*, to the claims made against it.

## II.     CLAIMS FOR DAMAGES

Byron Landry asserts his claims against Plimsoll, a Louisiana corporation which may be served through its counsel of record in this limitation proceeding, and which was the owner, owner pro hac vice, manager, and/or operator of M/V MARGARET at all relevant times. On May 23, 2023 Byron Landry filed suit in the Eastern District of Louisiana entitled, Byron Landry v. Plimsoll Martine, Inc. USED Case No.: 2:23-cv-01728, for damages as set forth in the

attached petition.  (Exhibit A)

1.

On or about May 5, 2023, M/V MARGARET was (upon information and belief) navigating on the Mississippi River in the State of Louisiana.

2.

At that time, M/V MARGARET allided or collided violently with a barge while underway in the Mississippi River.

3.

The allision or collision caused damage to M/V MARGARET and injured Byron Landry.

4.

At the time of allision or collision and at all relevant times, Byron Landry was working for Plimsoll as a deckhand on, and in the service of, M/V MARGARET and was a member of M/V MARGARET's crew.

5.

In connection with the allision and the injuries and damages he suffered, Byron Landry, as an American seaman, brings claims against Plimsoll (and any other person or entity deemed appropriate through discovery) under the Jones Act and the General Maritime Law of the United States.

6.

The allision or collision and Byron Landry's injuries and damages were caused by the negligence and/or fault of Plimsoll in the following non-exclusive ways:

    A.  Failing to provide Byron Landry with a reasonably safe place to work;

    B.  Failing to comply with government and industry rules and regulations pertaining

to the operation and/or safety of vessels, including but not limited to The Rules of the Road/Inland Navigation Rules/COLREGS and/or United States Coast Guard rules and regulations, which may additionally render the Defendant negligent *per se*;

C. Failing to properly operate and navigate M/V MARGARET;

D. Failing to provide crewmembers with proper or adequate equipment to safely operate and navigate M/V MARGARET or for crew members to safely perform assigned/required tasks;

E. Failing to properly remedy one or more unreasonably dangerous conditions of or about M/V MARGARET;

F. Designing, creating, and/or permitting the existence of one or more unreasonably dangerous conditions of or about M/V MARGARET;

G. Failing to do what should have been done so as to avoid the allision or collision described herein;

H. Entrusting M/V MARGARET to an incompetent master and/or crew;

I. Failing to properly supervise, hire, and/or train M/V MARGARET's master and/or crew;

J. Giving unsafe orders and/or providing inadequate supervision by the master and/or supervisory personnel in charge of M/V MARGARET;

K. Failing to comply with responsibilities, whether imposed by contract or the law;

L. Failing to exercise reasonable care under the circumstances prior to, and at the time of, and after the allision or collision; and

M. Any and all other acts of negligence and/or fault established through discovery

and/or shown at the trial of this matter.

7.

The allision or collision and Byron Landry's injuries and damages were caused by the failure of Plimsoll to ensure that M/V MARGARET was reasonably fit for its intended use (i.e., seaworthy) in the following non-exclusive ways, thereby rendering Plimsoll strictly liable to Byron Landry:

A. Failing to provide a vessel and crew which were reasonably fit and safe for their intended use;

B. Failing to properly remedy one or more unseaworthy conditions of or about M/V MARGARET;

C. Designing, creating, and/or permitting the existence of one or more unseaworthy conditions of or about M/V MARGARET;

D. Entrusting M/V MARGARET to an incompetent or ill-trained master and/or crew;

E. Failing to have proper adequate equipment to operate and navigate M/V MARGARET or to safely perform the assigned/required tasks; and

F. Any and all other conditions or characteristics of M/V MARGARET which rendered it not reasonably safe or fit for its intended use that are established through discovery and/or shown at the trial of this matter.

8.

As a result of the injuries he sustained in the incident described herein, Byron Landry is entitled to recover the following damages and/or losses from Plimsoll:

A. Past and future medical, hospital, and pharmaceutical expenses and needs;

B. Past and future loss of wages, loss of earning capacity, and loss of fringe benefits;

C. Past and future loss of found;

D. Past and future loss of ability to perform household services;

E. Past and future physical pain and suffering;

F. Past and future mental pain and suffering, anguish, and emotional distress;

G. Past and future disability;

H. Past and future disfigurement;

I. Past and future loss of enjoyment of life; and

J. Any and all other general and/or special damages recoverable under the applicable law(s) and to which Byron Landry is entitled.

9.

On account of the injuries suffered by Byron Landry while working in the service of M/V MARGARET, Plimsoll had, and continues to have, an absolute duty to provide him with maintenance (at the proper rate) and cure until he reaches maximum cure.

10.

To the extent Plimsoll has breached, or does breach, its duty to provide Byron Landry with maintenance (at the proper rate) and cure, it is liable to Byron Landry for all damages caused by the breach, punitive damages, attorneys' fees, and all other equitable relief to which Byron Landry is entitled under applicable law.

11.

Plimsoll retained personal property of Byron Landry following the allision or collision. Byron Landry is entitled to the return of his property and/or compensation for his property, and hereby demands same.

12.

In conjunction with these proceedings, Byron Landry is entitled to recover prejudgment interest on all past damages awarded from the date of the allision or collision until paid, post-judgment interest on all damages awarded from the date of the judgment until paid, and court and litigation costs associated with this matter to the extent allowed by law.

13.

As an American seaman, Byron Landry is entitled to proceed in this litigation without prepaying fees or costs or furnishing security therefor in accordance with 28 U.S.C. § 1916.

14.

As an American seaman, Byron Landry expressly reserves all rights to proceed with his claims in the forum of his choosing, with or without a jury, upon a determination by this Court that Plimsoll is not entitled to limit its liability.

WHEREFORE, Byron Landry prays that his Answer to the Complaint be deemed good and sufficient and that, after all due proceedings, there be judgment rendered in his favor and against Plimsoll, dismissing the Complaint with full prejudice at Plimsoll's cost.

Byron Landry further prays that Plimsoll be cited and summoned to appear and answer his Claims for Damages within the legal delays allowed by law, that after trial, there be judgment in his favor against Plimsoll, for the full and true sum of an amount of damages (both compensatory and punitive) which is reasonable in the premises, all costs of these proceedings, attorney's fees, prejudgment and post-judgment on all amounts awarded from the appropriate dates until paid, and all other just and equitable relief to which he is entitled.

        Respectfully submitted by:

        */s/ Shane Romero*
        Shane Romero (26108)
        600 Covington Center
        Covington, LA 70433
        985-893-0370

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 14th day of August, 2023, a copy of the foregoing Answer and Damages Claims was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.

        */s/ Shane Romero*
        Shane Romero