UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF PLIMSOLL MARINE, INC, AS OWNER AND OPERATOR OF THE M/V MARGARET, OFFICIAL NO. 582612, PRAYING FOR EXONERATION FROM OR LIMITATION FROM EXONERATION | CIVIL ACTION NO. 3:23-cv-00414<br><br>CHIEF JUDGE SHELLY D. DICK<br><br>MAGISTRATE JUDGE SCOTT D. JOHNSON |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PLAINTIFF, BYRON LANDRY TO RESPOND TO WRITTEN DISCOVERY**

**MAY IT PLEASE THE COURT:**

Limitation Complainant, Plimsoll Marine, Inc. (hereinafter "Plimsoll"), respectfully moves this Court for an Order compelling Claimant, Byron Landry (hereinafter "Landry"), to respond to Interrogatories and Requests for Production of Documents propounded by Plimsoll by the soonest date this Court deems appropriate .

**FACTUAL AND PROCEDURAL BACKGROUND**

This is a limitation of liability action arising out of a vessel allision occurring on May 5, 2023. Landry is one of five claimants in this action seeking damages from Plimsoll for alleged personal injuries and related losses arising out of that incident. A three-week trial is scheduled to commence on February 23, 2026. To date, discovery has progressed in an orderly fashion with all claimants, with the exception of Landry.

Plimsoll propounded Interrogatories and a Request for Production on Landry on March 28, 2024.[1] Pursuant to the Federal Rules of Civil Procedure, responses to this

---

[1] See cover letter and accompanying Interrogatories and Request for Production of Documents, attached hereto as Exhibits "A," "B," and "C," respectively.

written discovery were due from Plaintiffs on April 27, 2024. On January 13, 2025, counsel for Plimsoll wrote to Landy's attorney regarding the overdue discovery responses and scheduling a discovery conference in accordance with Rules 37 of the Federal Rules of Civil Procedure and related local rules of this Court.[2] During that conference, the parties agreed to a two-week extension of tome to answer each other's discovery pleadings. Since then, Plimsoll has answered Landry's discovery pleadings; but notwithstanding the agreement at the discovery conference and the passage of well over a year since the discovery pleadings were served on his lawyer, Landry has still not provided any answers, responses and/or objections whatsoever to Plimsoll's Interrogatories and Request for Production of Documents.

Plimsoll's basic discovery requests to Landry are necessary for its defense of Landry's claims in this matter. Yet, all efforts to amicably resolve this discovery impasse have been ineffective. It is now apparent that a Court Order compelling Landry to answer the outstanding Interrogatories and Requests for Production of Documents will be necessary to enable Plimsoll to get the information and records to which it is entitled.

## LAW AND ANALYSIS

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

---

[2] See Exhibit D correspondence from undersigned counsel to counsel for Landry.

2

26(b)(1). After receiving interrogatories and/or requests for production of documents, the responding party, "must serve its answers and any objections within 30 days." Fed. R. Civ. P. 33(b)(2). The party resisting discovery is required to show specifically why the discovery is overly broad, unduly burdensome or oppressive, and thus should not be permitted. *See McLeod, Alexander, Powel & Apffel v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

Motions to compel are governed by Rule 37 of the Federal Rules of Civil Procedure. When faced with the failure of a person or party to respond to discovery requests or otherwise comply with discovery, "a party must move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Under Rule 37(a)(5)(A), if a motion to compel

"is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after giving the opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Attorneys' fees are to be mandatorily awarded unless the motion to compel discovery was filed before attempting in good faith to obtain the disclosure or discovery without court action, the nondisclosure was substantially unjustified, or other circumstances make the award unjust –circumstances that are not present here. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); *Merritt v. Int'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1019

(5th Cir. 1981). Therefore, in addition to an Order compelling Landry to fully answer the pending discovery pleadings, Plimsoll is entitled to an award of attorney's fees and costs related to the filing of this Motion.

## CONCLUSION

For the foregoing reasons, Plimsoll hereby respectfully requests that this Honorable Court grant this Motion to Compel and issue an Order requiring Landry to respond to Plimsoll's Interrogatories and Requests for Production of Documents within a defined time period as found reasonable by this Court. Plimsoll further prays for recovery of all reasonable expenses incurred in the filing of this Motion, including attorneys' fees.

Respectfully submitted,

MOULEDOUX, BLAND, LEGRAND & BRACKETT

*s/Daniel J. Hoerner*
DANIEL J. HOERNER (Bar #21706)
MICHAEL T. NEUNER (Bar 36605)
701 Poydras Street, Suite 600
New Orleans, LA 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
E-mail:   dhoerner@mblb.com
         mneuner@mblb.com
*Counsel for Complainant, Plimsoll Marine, Inc.*
Motion to Compel - MIS Landry.docx

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/Daniel J. Hoerner*